**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

In re:

GUADALUPE C. BACHELIER,

    Debtor,

Chapter 13 Case

No. 4:17-bk-00661-SHG

**STIPULATED ORDER CONFIRMING THIRD AMENDED CHAPTER 13 PLAN**

The Third Amended Chapter 13 Plan (the "Plan" at docket 87) having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Third Amended Plan of the Debtor as follows:

(A)   **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

    1) <u>Future Earnings or Income</u>. Debtor shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1 | $0 |
| 2 | $776 |
| 3 – 5 | $388 |
| 6 | $0 |
| 7 | $776 |
| 8 - 17 | $388 |
| 18 | $0 |
| 19 | $776 |
| 20 – 21 | $388 |
| 22 | $812 |
| 23 | $802 |
| 24 | $0 |
| 25 | $802 |
| 26 | $1,322.18 |
| 27 – 60 | $661.09 |

The payments are due on or before the 1st day of each month commencing February 24, 2017. Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may

accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for post-petition years within 14 days of filing them. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

2) Other Property. *If the Debtor receives a tax refund in excess of $1,000, the debtors shall pay such refund directly to the Trustee as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.* In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION**. This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A) (1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

1) Administrative expenses:

Attorney Fees. Scott D. Gibson, shall be allowed total compensation of $2,000 having received $2,000 attorney's fees prior to filing this case. Alan R. Solot will be paid $2,500 by the Chapter 13 Trustee.

Flat Fee. Attorneys for the Debtor have agreed to a total sum of $4,500 to represent the Debtor. Alan R. Solot has agreed to perform the following services through confirmation of the plan

- ☐ All of the below, except Additional Services.
- ☒ Review of financial documents and information.
- ☒ Consultation, planning, and advice, including office visits and telephone communications.
- ☒ Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.
- ☒ Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.
- ☒ Attendance at the § 341 meeting of creditors.
- ☒ Resolution of creditor objections and Trustee recommendations, and attendance at hearings.
- ☒ Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.
- ☒ Responding to motions to dismiss, and attendance at hearings.
- ☒ Responding to motions for relief from the automatic stay, and attendance at hearings.
- ☒ Drafting and mailing of any necessary correspondence.
- ☒ Preparation of proposed order confirming the plan.

ALAN R. SOLOT, Esq.
2701 E. Speedway Ste. 203
Tucson, Arizona 85716
520-299-1465

☐ Representation in any adversary proceedings.
☒ Representation regarding the pre-filing credit briefing and post-filing education course.

2) <u>Claims Secured by Real Property</u>:

   a. Creditor Loancare Servicing for Mid America Mortgage, Inc. ("Loancare"), secured by a deed of trust on Debtor's residence, shall be paid outside the plan pursuant to the loan documents held by such lender against the Debtor's residence. Loancare has filed a Proof of Claim (claim 10) providing correctly that there were $2,806.77 arrears at the time of filing of the Debtors' Chapter 13 Petition. Since the commencement of the case, the Debtor has cured any pre-petition arrears. Thus, Loancare shall receive no distribution through the plan.

3) <u>Claims Secured by Personal Property</u>:

   Cash Time Title Loans, Inc., claim number 5, secured by a lien in a certain 2011 Nissan Altima, shall be paid a secured claim of $5,100 with 4.00% interest. The creditor will receive adequate protect payments of $43.00 per month. Upon the entry of Debtors' discharge the lien on that certain 2011 Nissan Altima, shall be released to Debtors by Cash Time Title Loans, Inc. Any amounts remaining shall be paid as an unsecured non priority claim and discharged at the completion of the Plan.

4) <u>Unsecured Priority Claims</u>:

   a. The Department of the Treasury/Internal Revenue Service has an unsecured priority claim (Claims Register 8-3) for $12,087.89 for income taxes for tax years 2015 and 2016 and excise taxes for 2016. This creditor will be paid $12,087.89 as an unsecured priority claim with no interest. The $382.71 general unsecured claim in such claim 8-3 shall be receive a pro-rata share of any distribution made to holders of general unsecured claims.

   b. The Arizona Department of Revenue has an unsecured priority claim (Claims Register 2-2) for $351.44 for income taxes for tax year 2015. This creditor will be paid $351.44 as an unsecured priority claim with no interest. The $55.11 general unsecured claim in such claim 2-2 shall be receive a pro-rata share of any distribution made to holders of general unsecured claims.

5) <u>Surrendered Property</u>. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

   None

6) <u>Other Provisions</u>:

   None

7) <u>General Unsecured Non-priority Claims</u>. All other claims shall be classified as unsecured and non-priority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end

ALAN R. SOLOT, Esq.
2701 E. Speedway Ste. 203
Tucson, Arizona 85716
520-299-1465

3

of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

## ORDER SIGNED ABOVE

Approved as to Form and Content by:

_____
Dianne Crandell Kerns, Trustee

_/s/ Joseph J. Tirello_____
Joseph J. Tirello, Jr.
Zieve, Brodnax & Steele, LLP
Attorneys for Loancare Servicing for Mid American Mortgage, Inc.

/s/ Alan R. Solot
_____
Alan R. Solot
Attorney for Debtor(s)

_Guadalupe C. Bachelier_____
Guadalupe C. Bachelier
Debtor

## PLAN ANALYSIS

(A) <u>Plan Payment Summary</u>. If there is a discrepancy between the plan and the plan analysis, then the provisions of plan as confirmed control.

(1) Trustee's compensation (10% of plan payments).................................................. $3,422.27
(2) Ongoing post-petition mortgage payments........................................................... 0.00
(3) Administrative expenses and ......................................................................... 2,500.00

ALAN R. SOLOT, Esq.
2701 E. Speedway Ste. 203
Tucson, Arizona 85716
520-299-1465

4

|   |   |   |   |
|---|---|---|---|
| (4) | Priority claims............................................................................................... | | 12,439.33 |
| (5) | Prepetition mortgage or lease arrears, or amount to cure defaults, including interest....................... | | 0.00 |
| (6) | Secured personal property claims, including interest............................................ | | 5,366.02 |
| (7) | Amount to unsecured non-priority claims.............................................................. | | 10,494.71 |
| | Total of Plan Payments.................................................................................. | | 34,222.33 |

(B) **Section 1325 Analysis.**

    1) Best Interest of Creditors Test:

|   |   |   |
|---|---|---|
| a) | Value of Debtor's interest in nonexempt property........................................ | $7,527.00 |
| b) | Plus: Value of property recoverable under avoiding powers............................ | $0.00 |
| c) | Less: Estimated Chapter 7 administrative expenses..................................... | $1,502.70 |
| d) | Less: Amount to unsecured priority creditors............................................. | $12,439.33 |
| e) | Equals: Estimated amount payable to unsecured non-priority claims if Debtor filed Chapter 7........ | $0.00 |

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

    2) Section 1325(b) Analysis:

|   |   |   |
|---|---|---|
| a) | Monthly disposable income under §1325(b)(2), Form B22C, Statement of Current Monthly Income. | 272.79 |
| b) | Applicable commitment period............................................................... | [ x 60 ] |
| c) | Section 1325(b)(2) monthly disposable income amount multiplied by 60............. | 16,367.40 |

(C) **Estimated Amount to Unsecured Non-priority Creditors Under Plan**..........................$10,494.71

The Debtor(s) certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*Guadalupe C. Bachelier* [SIGN HERE]

Guadalupe C. Bachelier

ALAN R. SOLOT, Esq.
2701 E. Speedway Ste. 203
Tucson, Arizona 85716
520-299-1465